The prisoner was indicted in the Superior *182 Court of Russell county, of the larceny of two bank notes. The Indictment charged, that “William Moseley, &c. two certain bank notes, to wit: one of and for the sum of ten dollars, also one of and for the sum of five dollars; which notes were current in the United States, of the value of fifteen dollars, of the money, goods and chattels of one George Fuller, and from the said George Fuller, then and there being found, then and there feloniously did steal, take'and carry away,” &c. The prisoner was convicted, and then moved in arrest of judgment ; whereupon, the Court adjourned to this Court the following points:
1. “Whether it is sufficient ground for arresting a judgment, after a verdict of conviction on an Indictment for stealing bank notes, that the bank notes charged by the said Indictment to have been stolen, are thereby described as the money, goods and chattels of the individual from whom they are said to have been stolen, . connecting such description with that part of the said Indictment which states that they were the bank notes of, and were stolen from, the said, individual ?”
2. “Whether it is’ sufficient ground for arresting a judgment after a verdict of conviction, on an Indictment for stealing bank notes,, that the said Indictment does not contain .any description of the stolen bank notes, except such as states that they 'were bank notes current within the United States : and that one of them, two only being charged to have been stolen, was for the sum of ten dollars, and the other for five dollars. In other yroyds, is it necessary to name the bank or banks from which they issued, and that they are genuine bank notes of a chartered bank ?”
The Act under which the prisoner was indicted was the Act of 31st December, 1806, entitled, “An Act to punish certain thefts, and forgeries.”
*The Court, after conferring, rendered the following judgment:
“The Court is unanimously of opinion, and doth decide, that it is not sufficient ground to arrest judgment on the verdict of conviction, in the record set out, on an Indictment for stealing bank notes, that the bank notes charged by the said Indictment to have been stolen, are thereby described as the money, goods and chattels of the individual from whom they are said to have been stolen, the Court being of opinion that the words ‘ of the money, goods, and chattels,’ may be rejected as mere surplusage, and then the Indictment will contain a sufficient averment of property in the said notes in George Fuller, the person from whom they were stolen : and upon the second point, the Court is unanimously of opinion,, and doth decide, that the said Indictment,doth contain a sufficient descrip? tion of the bank notes alleged to have been stolen. ”
Note (in edition of 1853). — As to the second point, see 3East’s 0. L. 603, Milne’s Case; with which this decision agrees. The Act of 1806 is in these words: “If any person shall steal, or take by robbery from another, any bank or post note, then every such person, being thereof duly convicted, shall be sentenced to suffer imprisonment in the Jail and •Penitentiary-house, for a period of. time not less than three years, nor more than ten years.'’